**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mission Wellness Pharmacy, | No. CV-22-00331-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Caremark New Jersey Specialty Pharmacy LLC, | |
| Respondent. | |

Before the Court is Petitioner Mission Wellness Pharmacy's Sealed Motion to File Petition Enforcing Arbitrator's Hearing Subpoena Under Seal (Doc. 1), and Memorandum in Support thereof (Doc. 2). Petitioner asks that "all further filings in this case be submitted under seal in a manner consistent with existing confidentiality agreement and protective orders binding the parties and governing law." (Doc. 2 at 2). Respondent's time to file a response has not expired, but the Court finds a response unnecessary. The Court also finds the Motion suitable for determination on the papers without oral argument.

Petitioner says the "arbitral subpoena, which is attached to the Petition, contains references to proprietary and sensitive financial information including contract agreements, payment and remuneration data, and accounting documents generated in connection with those activities." (*Id.*) Petitioner also says Plaintiff and Caremark, LLC, Caremark PCS, LLC, and SilverScript Insurance Company ("Caremark") agreed in their arbitration agreement that the arbitration proceedings and certain documents utilized therein would be kept confidential. (*Id.*) Petitioner offers nothing beyond these general assertions that would

justify sealing the entire record in this case, which notably does not seek to confirm an arbitration award, but to enforce a subpoena issued in those proceedings.

The Court's analysis regarding a motion to seal begins with a "strong presumption in favor of [public] access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (The public has a general right of access "to inspect and copy. . . judicial records and documents"). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178 (*citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal quotation marks and citations omitted). A court deciding to seal judicial records must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (*quoting Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Arizona district courts "generally will not enter an order that gives advance authorization to file documents under seal that are designated for such treatment by parties under a protective order or confidentiality agreement." LRCiv 5.6(b). The presumption of public access is not rebutted merely because "documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Foltz*, 331 F.3d at 1136. A party seeking to seal a judicial record must still meet its heavy burden of demonstrating compelling reasons exist for sealing. *See Kamakana*, 447 F.3d at 1179. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (*quoting Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Accordingly, a party's allegations that material is "confidential" or "business information" are insufficient to justify sealing court records containing such material unless the party proves the existence of compelling reasons for sealing. *Krause v. Nev. Mut. Ins. Co.*, 2013 WL 3776146, at *5 (D. Nev. July 16, 2013) (*citing Kamakana*, 447 F.3d at 1179). Only in extremely limited circumstances will confidential information actually merit the sealing of court records. *See Kamakana*, 447 F.3d at 1182 (finding that conclusory statements about the content of documents did not provide "compelling reasons sufficiently specific to bar the public access to the documents").

The Court finds that Petitioner has insufficiently met its burden under *Kamakana* to justify the sealing of all filings in this case. Petitioner has not articulated compelling reasons supported by specific factual findings that outweigh the public's right of access. Mere "references to proprietary and financial information" is insufficient to merit sealing on the present record. Thus, the Court finds no reason why the Motion and exhibits (Doc. 1) or the Memorandum in Support of the Motion to File Petition Enforcing Arbitrator's Hearing Subpoena (Doc. 2) should not be made publicly available in full, with only potentially sensitive information (none of which is presently identifiable to the Court in the documents that are currently lodged) redacted.

The Court also finds that Petitioner has insufficiently complied with the procedures outlined in LRCiv 5.6(d), including its obligation to confer with Caremark, prior to filing its Motion to Seal. That section states,

> Unless otherwise ordered by the Court, if a party wishes to file a document that has been designated as confidential by another party pursuant to a protective order or confidentiality agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal. If the parties are unable to agree on these issues, the submitting party must lodge the document (or proposed filing) under seal and

file and serve a notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document (or proposed filing) should be filed under seal. Within fourteen (14) days after service of the notice, the designating party must file and serve either a notice withdrawing the confidentiality designation or a motion to seal and a supporting memorandum that sets forth the facts and legal authority justifying the filing of the document (or proposed filing) under seal. If the designating party seeks to have the document (or proposed filing) filed under seal, the motion must append (as a separate attachment) a proposed order granting the motion to seal. No response to the motion may be filed. If the designating party does not file a motion or notice as required by this subsection, the Court may enter an order making the document (or proposed filing) part of the public record.

LRCiv. 5.6(d).

Accordingly,

**IT IS ORDERED** that the Motion to File Petition Enforcing Arbitrator's Hearing Subpoena Under Seal (Doc. 1) is **denied**.  In compliance with LRCiv 5.6(e), the lodged documents will not be filed.  Petitioner may, within five (5) days of this Order, resubmit their documents for filing in the public record, or, after conferring with Caremark in good faith, file a notice of lodging in compliance with LRCiv 5.6(d).

Dated this 4th day of March, 2022.

Honorable Diane J. Humetewa
United States District Judge